UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 4:12-cv-10040-JEM

CENTENNIAL BANK, f/k/a MARINE
BANK OF THE FLORIDA KEYS, an
Arkansas banking corporation,

    Plaintiff,

vs.

WEST KEY ASSOCIATES, LLC, a Florida
corporation, RONALD J. COSTELLO,
JOSPEH CANNOVA, DANIEL J. DUFFY,
ANTHONY SAUTA, GEORGE P. IRISH,
FRANK J. NAVARRO, REGINALD R.
HYDE, CORAL HAMMOCK
HOMEOWNERS ASSOCIATION, INC. ,
UNKNOWN TENANT NO. 1, and
UNKNOWN TENANT NO. 2,

    Defendants.
_____/

## AMENDED COMPLAINT

Plaintiff Centennial Bank, f/k/a Marine Bank of The Florida Keys, sues defendants West Key Associates LLC, Ronald J. Costello, Joseph Cannova, Daniel J. Duffy, Anthony Sauta, George P. Irish, Frank J. Navarro, Reginald R. Hyde, Coral Hammock Homeowners Association, Inc., Unknown Tenant No. 1, and Unknown Tenant No. 2, and states as follows:

*Parties, Venue, and Jurisdiction*

1.    Plaintiff Centennial Bank ("Centennial") is a foreign banking corporation incorporated in the State of Arkansas with its principal place of business in Conway, Arkansas. Centennial is thus a citizen of Arkansas. Centennial is authorized to do business in Florida.

2. West Key Associates, LLC, was a Florida limited liability corporation with its principal place of business in New Jersey.

3. West Key Associates is a citizen of Florida and New Jersey.

4. West Key Associates is currently inactive, having been administratively dissolved by the Florida Secretary of State effective September 24, 2010.

5. Ronald J. Costello ("Costello") is a citizen of New Jersey.

6. Costello was also a manager for West Key Associates, with his registered address in New Jersey.

7. Joseph Cannova ("Cannova") is a citizen of New Jersey.

8. Cannova was also a manager for West Key Associates, with his registered address in New Jersey.

9. Frank J. Navarro ("Navarro") is a citizen of New Jersey.

10. Navarro was also a manager for West Key Associates.

11. Daniel J. Duffy ("Duffy") is a citizen of New Jersey.

12. Duffy was also both the registered agent and a manager for West Key Associates, with a registered address in Key West, Florida.

13. Anthony Sauta ("Sauta") is a citizen of New Jersey.

14. George P. Irish ("Irish") is a citizen of Pennsylvania.

15. Irish was the managing manager for West Key Associates.

16. Reginald R. Hyde ("Hyde") is a citizen of New Jersey.

17. Coral Hammock Homeowners Association, Inc. is a Florida corporation with its principal place of business in Key West, Florida.

18. Venue is proper in this District because the causes of action accrued in and the property which is the subject of this litigation is located in Monroe County, Florida.

19. Further, the promissory note governing the relationship between Centennial and West Key Associates contains a choice of venue provision designating Monroe County, Florida, as the venue for any lawsuit.

20. The amount in controversy exceeds $75,000, exclusive of interest and costs.

21. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 inasmuch as the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states.

*General Allegations*

22. On or about January 21, 2005, and as evidence of a loan made, West Key Associates executed and delivered to Marine Bank of the Florida Keys ("Marine Bank") a promissory note (the "2005 Note") and a Real Estate Mortgage (the "Mortgage") in the principal amount of $480,000.00.

23. On or about February 1, 2006, and as evidence of a loan made by Marine Bank, West Key Associates executed and delivered to Marine Bank a promissory note (the "2006 Note").

24. The 2006 Note stated, in pertinent part:

> LOAN RENEWAL. The Note evidences Renewal of Note No. 1777000205 dated January 21, 2005, in the original principal amount of $480,000.00 and is given in replacement, renewal, and in extension of but not in satisfaction of said Note.

25. In December 2008, Centennial merged with Marine Bank to become successor by merger to the 2005 Note, the 2006 Note, the Mortgage, the Guarantees, and any other loan documents securing the obligation of the loan.

26. Centennial holds the originals of the 2005 Note, the 2006 Note and the Mortgage.

27. True and correct copies of the 2006 Note and Mortgage are attached as Exhibit **"A"** and Exhibit **"B"**, respectively.

28. As set forth in the section of the 2006 Note entitled, "Attorneys' Fees; Expenses," Centennial is entitled to recover all attorneys' fees and costs incurred in enforcing West Key Associates' obligations.

29. The Mortgage was recorded on February 11, 2005, in Official Records Book 2084, Page 1392, of the public records of Monroe County, Florida.

30. The Mortgage encumbers the property located at 11 Coral Way, Unit #106, Key West, Florida, 33040.

31. A copy of the legal description of the property is attached as Exhibit **"C"**.

32. Defendants Costello, Cannova, Duffy, Sauta, Irish, Navarro, and Hyde each executed a personal guaranty in which each personally guaranteed the punctual payment of all indebtedness of West Key Associates to Centennial.

33. True and correct copies of the personal guaranties signed by Costello, Cannova, Duffy, Sauta, Irish, Navarro, and Hyde are attached hereto as Composite Exhibit **"D."**

34. Defendants Costello, Cannova, Duffy, Sauta, Irish, Navarro, and Hyde are hereinafter collectively referred to as "Guarantors."

35. Pursuant to Paragraphs 4 and 5 of each Guaranty, Centennial is entitled to recover all attorneys' fees and costs incurred in enforcing each Guarantor's obligations.

36. West Key Associates is currently the record owner of the property.

37. Centennial, through its counsel, has declared the full amount payable under the 2006 Note and Mortgage due, including attorneys' fees and costs for which West Key Associates

is responsible, and for which the Guarantors are each personally responsible, jointly and severally.

38.     West Key Associates and/or the Guarantors owe Centennial the following sums through February 1, 2012 under the 2006 Note and Mortgage:

| | |
|---|---|
| Principal: | $450,181.29 |
| Interest & Late Fees: | $10,186.16 |
| **Total:** | **$460,367.45** |

39.     All conditions precedent to Centennial's bringing this action have been satisfied or waived.

### COUNT I – MORTGAGE FORECLOSURE
### (against West Key Associates)

40.     Centennial incorporates by reference as if fully restated the allegations of Paragraphs 1 through 39.

41.     This is an action to foreclose a mortgage on real property located in Monroe, County, Florida.

42.     All conditions precedent to the acceleration of the debt and the commencement of this action have been fulfilled or waived.

43.     The 2006 Note and Mortgage are in default for West Key Associates' failure to make the required monthly installment payment when due.

44.     Centennial holds the 2006 Note and held the note immediately before this foreclosure action was filed.

45.     Centennial is entitled to enforce the 2006 Note pursuant to FLA. STAT. § 673.3011, as the holder of the Note. Centennial is entitled to enforce the Mortgage as the holder of the Note.

46. Unknown Tenant No. 1 and Unknown Tenant No. 2, the names being fictitious to account for parties in possession may claim some interest in the property that is the subject of this foreclosure action by virtue of an unrecorded lease or purchase option, by virtue of possession, or may otherwise claim an interest in the Property. The names of these defendants, if any, are unknown to Centennial. However, any such interest in the subject property is inferior to the interest of Centennial.

47. Coral Hammock Homeowners' Association, Inc. may claim some interest in the property that is the subject of this foreclosure action by virtue of all unpaid assessments, if any, and all other rights, claims, liens, interest, encumbrances and equities, either recorded or unrecorded, if any. However, any such interest in the subject property is inferior to the interest of Centennial.

48. In addition to the amounts set forth in paragraph 38 above, interest will continue to accrue in accordance with the terms of the 2006 Note and Mortgage, and other charges and advances may be incurred by Centennial, including but not limited to additional loan servicing expenses, attorneys' fees, and litigation costs, for which West Key Associates is responsible.

WHEREFORE, plaintiff Centennial Bank respectfully requests the Court (i) to determine the amounts due and owing to Centennial for principal and interest on the Mortgage and 2006 Note, as well as attorneys' fees and all litigation costs; (ii) adjudge that any defendants found responsible for the same be ordered to pay Centennial the amount found to be due; (iii) find that in default of such payments, all right, title, interest, claim, demand or equity of redemption of defendants since the filing of the *lis pendens* be barred and foreclosed; (iv) foreclose all interests inferior to Centennial; (v) order the property to be sold by judicial sale; and (vi) grant Centennial such other and further relief as the Court deems just and proper.

## COUNT II – BREACH OF 2006 NOTE
### (against West Key Associates)

49. Centennial incorporates by reference as if fully restated the allegations of Paragraphs 1 through 39.

50. West Key Associates has breached the 2006 Note by failing to comply with its payment obligations in accordance therewith and has defaulted thereunder.

51. Due to the default of West Key Associates under the 2006 Note, Centennial has elected and does now elect to accelerate and declare immediately due and owing the entire unpaid principal balance together with accrued interest due and owing on the 2006 Note.

52. There is now due and owing to Centennial from West Key Associates the principal amount of $450,181.29, plus interest in the amount of $10,186.16 up through and including April 17, 2012, and accruing thereafter in the amount of 4.25% per annum, plus attorneys' fees and costs.

WHEREFORE, plaintiff Centennial Bank respectfully requests that the Court (i) enter judgment in favor of Centennial and against West Key Associates for the principal amount of $450,181.29 on the Note, together with any additional unpaid principal and/or advances, interest, late charges, attorneys' fees and costs, and (ii) grant Centennial such other and further relief as the Court deems just and proper.

## COUNT III – ACTION ON GUARANTY
### (against Costello)

53. Centennial incorporates by reference as if fully restated the allegations of Paragraphs 1 through 39.

54. This is an action on a guaranty.

55. Costello guaranteed the punctual payment of all indebtedness of West Key Associates to Centennial.

56. West Key Associates is in default of its obligations to Centennial.

57. Costello is liable on his Guaranty.

WHEREFORE, plaintiff Centennial Bank respectfully requests that the Court (i) enter judgment in Centennial's favor and against Costello for damages, pre-judgment delinquency charges, post-judgment interest, and attorneys' fees and costs incurred, and (ii) grant Centennial such other and further relief as the Court deems just and proper.

### COUNT IV – ACTION ON GUARANTY
### (against Cannova)

58. Centennial incorporates by reference as if fully restated the allegations of Paragraphs 1 through 39.

59. This is an action on a guaranty.

60. Cannova guaranteed the punctual payment of all indebtedness of West Key Associates to Centennial.

61. West Key Associates is in default of its obligations to Centennial.

62. Cannova is liable on his Guaranty.

WHEREFORE, plaintiff Centennial Bank respectfully requests that the Court (i) enter judgment in Centennial's favor and against Cannova for damages, pre-judgment delinquency charges, post-judgment interest, and attorneys' fees and costs incurred, and (ii) grant Centennial such other and further relief as the Court deems just and proper.

### COUNT V – ACTION ON GUARANTY
### (against Duffy)

63. Centennial incorporates by reference as if fully restated the allegations of Paragraphs 1 through 39.

64. This is an action on a guaranty.

65. Duffy guaranteed the punctual payment of all indebtedness of West Key Associates to Centennial.

66. West Key Associates is in default of its obligations to Centennial.

67. Duffy is liable on his Guaranty.

WHEREFORE, plaintiff Centennial Bank respectfully requests that the Court (i) enter judgment in Centennial's favor and against Duffy for damages, pre-judgment delinquency charges, post-judgment interest, and attorneys' fees and costs incurred, and (ii) grant Centennial such other and further relief as the Court deems just and proper.

### COUNT VI – ACTION ON GUARANTY
### (against Sauta)

68. Centennial incorporates by reference as if fully restated the allegations of Paragraphs 1 through 39.

69. This is an action on a guaranty.

70. Sauta guaranteed the punctual payment of all indebtedness of West Key Associates to Centennial.

71. West Key Associates is in default of its obligations to Centennial.

72. Sauta is liable on his Guaranty.

WHEREFORE, plaintiff Centennial Bank respectfully requests that the Court (i) enter judgment in Centennial's favor and against Sauta for damages, pre-judgment delinquency charges, post-judgment interest, and attorneys' fees and costs incurred, and (ii) grant Centennial such other and further relief as the Court deems just and proper.

### COUNT VII – ACTION ON GUARANTY
### (against Irish)

73. Centennial incorporates by reference as if fully restated the allegations of Paragraphs 1 through 39.

74. This is an action on a guaranty.

75. Irish guaranteed the punctual payment of all indebtedness of West Key Associates to Centennial.

76. West Key Associates is in default of its obligations to Centennial.

77. Irish is liable on his Guaranty.

WHEREFORE, plaintiff Centennial Bank respectfully requests that the Court (i) enter judgment in Centennial's favor and against Irish for damages, pre-judgment delinquency charges, post-judgment interest, and attorneys' fees and costs incurred, and (ii) grant Centennial such other and further relief as the Court deems just and proper.

## COUNT VIII – ACTION ON GUARANTY
### (against Navarro)

78. Centennial incorporates by reference as if fully restated the allegations of Paragraphs 1 through 39.

79. This is an action on a guaranty.

80. Navarro guaranteed the punctual payment of all indebtedness of West Key Associates to Centennial.

81. West Key Associates is in default of its obligations to Centennial.

82. Navarro is liable on his Guaranty.

WHEREFORE, plaintiff Centennial Bank respectfully requests that the Court (i) enter judgment in Centennial's favor and against Navarro for damages, pre-judgment delinquency charges, post-judgment interest, and attorneys' fees and costs incurred, and (ii) grant Centennial such other and further relief as the Court deems just and proper.

## COUNT IX – ACTION ON GUARANTY
### (against Hyde)

83. Centennial incorporates by reference as if fully restated the allegations of Paragraphs 1 through 39.

84. This is an action on a guaranty.

85. Hyde guaranteed the punctual payment of all indebtedness of West Key Associates to Centennial.

86. West Key Associates is in default of its obligations to Centennial.

87. Hyde is liable on his Guaranty.

WHEREFORE, plaintiff Centennial Bank respectfully requests that the Court (i) enter judgment in Centennial's favor and against Hyde for damages, pre-judgment delinquency charges, post-judgment interest, and attorneys' fees and costs incurred, and (ii) grant Centennial such other and further relief as the Court deems just and proper.

* * * * *

Centennial further requests that the Court retain jurisdiction in order to make any and all further orders and judgments as may be necessary and proper, including the issuance of a writ of possession

                Respectfully submitted,

Date: May 4, 2012       **AKERMAN SENTERFITT**
                1 S.E. Third Avenue – Suite 2500
                Miami, FL 33131
                Tel. 305-374-5600
                Fax 305-348-4681


                By: s/ Brendan I. Herbert
                  CHRISTOPHER S. CARVER, ESQ.
                  Florida Bar No. 993580
                  E-mail: christopher.carver@akerman.com
                  BRENDAN I. HERBERT, ESQ.
                  Florida Bar No. 0076925
                  E-mail:brendan.herbert@akerman.com

                *Counsel for Centennial Bank*