UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Key West Division
**Case Number: 12-10040-CIV-MARTINEZ-MCALILEY**

CENTENNIAL BANK, f/k/a MARINE BANK
OF THE FLORIDA KEYS, an Arkansas
banking corporation,
    Plaintiff,

vs.

WEST KEY ASSOCIATES, LLC, a Florida
corporation, RONALD J. COSTELLO,
JOSPEH CANNOVA, DANIEL J. DUFFY,
ANTHONY SAUTA, GEORGE P. IRISH,
FRANK J. NAVARRO, R. REGINALD HYDE,
CORAL HAMMOCK HOMEOWNERS
ASSOCIATION, INC., UNKNOWN TENANT
NO. 1, and UNKNOWN TENANT NO. 2,
    Defendants.
_____/

## STIPULATED FINAL JUDGMENT OF FORECLOSURE

THIS CAUSE came before the Court upon the Amended Stipulation for Final Judgment of Foreclosure against Defendant Coral Hammock Homeowners Association. (D.E. No. 98). After careful consideration, it is hereby:

**ORDERED AND ADJUDGED** that

1. The Default Final Judgment against Defendants Unknown Tenant #1 and Unknown Tenant #2 entered by this Court on June 16, 2012 (D.E. Nos. 41, 42) is hereby confirmed and ratified.

2. The Default Final Judgment against Defendants West Key Associates, LLC, Anthony Sauta, Ronald J. Costello, R. Reginald Hyde, Daniel J. Duffy, Joseph Cannova, and Frank J. Navarro entered by this Court on October 11, 2012 (D.E. No. 68) is hereby confirmed

and ratified.

3. The Final Order of Dismissal Without Prejudice against Defendant George P. Irish entered by this Court on November 20, 2012 (D.E. No. 78) is hereby confirmed and ratified.

4. It is hereby **ORDERED AND ADJUDGED** that final judgment is entered in favor of Plaintiff against Defendant Coral Hammock Homeowners Association pursuant to the Stipulation.

5. It is hereby **ORDERED AND ADJUDGED** that the mortgage, which was recorded on February 11, 2005, in Official Records Book 2084, Pages 1392 - 1411, of the public records of Monroe County, Florida on the subject property, shall be **FORECLOSED** and the property shall be sold as follows:

    A. **Foreclosure Sale**. The U.S. Marshal's Service is directed to sell at a foreclosure sale in Key West, Monroe County, Florida, on the steps of the Monroe County Courthouse the property described as:

> A PARCEL OF LAND ON STOCK ISLAND, BEING A PORTION OF GEO. L. MCDONALD'S PLAT OR SUBDIVISION OF LOTS 1, 2, 3, 4, 5, 6 SECTION 35: LOT 2 SECTION 36: LOT 3, SECTION 26: LOT 2, SECTION 34, TOWNSHIP 67 SOUTH, RANGE 25 EAST, AS RECORDED IN PLAT BOOK 1, PAGE 55, OF THE PUBLIC RECORDS OF MONROE COUNTY, FLORIDA. SAID PARCEL ENCOMPASSING RESIDENTIAL UNIT 106 OF CORAL HAMMOCK, ACCORDING TO THE DECLARATION OF PROTECTIVE COVENANTS, RESTRICTIONS AND EASEMENTS OF CORAL HAMMOCK, A VACATION HOME DEVELOPMENT, AS RECORDED IN OFFICIAL RECORDS BOOK 1989 AT PAGE 61 OF THE PUBLIC RECORDS OF MONROE COUNTY, FLORIDA, BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:
>
> COMMENCING AT THE SOUTHEAST CORNER OF BLOCK 30 OF SAID MCDONALD'S PLAT OR SUBDIVISION: THENCE ALONG THE NORTHERLY RIGHT OF WAY OF MCDONALD STREET S 89*57'56"W 519.85 FEET; THENCE NORTH 20.76 FEET TO A POINT HEREINAFTER TO BE KNOWN AS THE "POINT OF BEGINNING"; THENCE NORTH 13.50 FEET; THENCE NORTH 31.45 FEET; THENCE EAST 8.78 FEET;

**THENCE SOUTH 4.65 FEET; THENCE EAST 7.99 FEET; THENCE SOUTH, ALONG THE WESTERLY LIMIT OF RESIDENTIAL UNIT 105, 45.17 FEET; THENCE WEST 11.12; THENCE SOUTH 4.19 FEET; THENCE WEST 5.50 FEET TO THE POINT OF BEGINNING.**

**CONTAINING 802.08 SQUARE FEET.**

**Property address: 11 Coral Way, Unit #106, Key West, Florida, 33040.**

B. **Costs.** Centennial shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if Centennial is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for documentary stamps affixed to the certificate of title. If Centennial is the purchaser, the Clerk shall credit Centennial's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

C. **Distribution of Proceeds.** On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by (1) paying: first, all of the Centennial's costs; second, documentary stamps affixed to the Certificate; third, Centennial's attorneys' fees; and, fourth, the total sum due to the Centennial, less the items paid, plus interest from this date to the date of the sale; and (2) retaining any remaining amount pending the further order of this Court.

D. **Right of Possession.** Upon filing of the Certificate of Sale, defendants and all persons claiming under or against defendants since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property, except as to claims or rights under Chapter 718 or Chapter 720, Fla. Stat., if any. Upon filing of the Certificate of Title, the person named on the Certificate of Title shall be let into possession of the property, subject to the provisions of the

Protecting Tenants at Foreclosure Act of 2009, which was extended until 12/31/14 by the Dodd-Frank Wall Street Reform and Consumer Protection Act.

6. The Court retains jurisdiction of this action to enter further orders that are proper, including, without limitation, writs of possession and deficiency judgments.

7. The Court reserves jurisdiction to award attorneys' fees and costs.

DONE AND ORDERED in Chambers at Miami, Florida, this 30 day of July, 2013.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge McAliley
All Counsel of Record